## Case No. 5,211.

### GANNON v. DONN.

[1 Hayw. & H. 346.] [1]

Circuit Court, District of Columbia. Oct. 30, 1848.

[1] [Reported by John Gallison, Esq.]

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

Mr. Lenox, for appellant.
Mr. Giberson, for appellee.

MORSELL, Circuit Judge. This is the first instance of a suit under this section. The terms are general and might comprehend any degree of negligence or any omission of duty; but the third and fourth sections of the law must be taken together, and the general expressions of the latter limited by the former. The expression in the fourth section is that "if any justice shall omit to keep a docket, or be guilty of any other negligence or omission, whereby the plaintiff, having obtained a judgment before such justice, shall lose his debt," the justice shall pay the same. The keeping of a docket is purely a ministerial act, and the general terms must be limited to acts of the same character, and cannot be extended to acts done or omitted in his judicial capacity. A justice is not answerable for his judicial opinions, though erroneous, and as to his ministerial acts there must be proof of intentional violation of duty or gross negligence.

"The acts complained of are: 1. That the recognizance was taken on a Sunday and antedated. 2. That the surety was a minor. Sunday is not a day for legal proceedings. 2 Inst. 264. But in taking the supersedeas the justice was acting in his judicial character, and might have supposed the consent of the parties had been given to consider it as done on Saturday. As to the age of the surety the justice might well be deceived by his appearance, and there was nothing to awake suspicion. Notice need not be given to the plaintiff of the time and place of taking the recognizance, nor is there proof that the debt has been lost by any other act or omission of the defendant. His promise is not obligatory on him. The plaintiff is not entitled to recover.